Rollins M. Braithwait et al., Plffs. in Err., *v.* Joseph Renshaw.

In an action by the holder against the indorser of a promissory note, where the only defense is the testimony of the defendant that when he parted with the note to the plaintiff the latter agreed not to look to him as indorser, and this is flatly contradicted by the plaintiff, a verdict should be directed for the plaintiff.

(Argued March 23, 1888. Decided April 2, 1888.)

January Term, 1888, No. 182, E. D., before PAXSON, STERRETT, GREEN, CLARK, and WILLIAMS, JJ. Error to Common Pleas No. 1 of Philadelphia County to review a judgment on a verdict for the plaintiff in an action of assumpsit. Affirmed.

This was an action by Joseph Renshaw against Rollins M. Braithwait and Nicholas Petry, late trading as R. M. Braithwait & Company. The defendant referred to throughout the case, and who testified at the trial, is the defendant Braithwait.

The facts as they appeared at the trial before BIDDLE, J., are stated in the opinion.

The defendants submitted the following points:

1. If from the evidence produced by the defendants and the contradiction of the plaintiff by his own testimony, the jury believe that said indorsement was made under the agreement that no liability should be incurred by defendants by reason thereof, their verdict should be for the defendants.

*Ans.* Refused. [1]

2. That unless the jury believe the plaintiff, there is no evidence on his part sustaining the liability of defendants on their indorsement, and said liability having been denied by defendants, their verdict should be for the defendants.

*Ans.* Refused. [2]

3. If the jury believe the evidence offered by defendants, their verdict should be for defendants.

*Ans.* Refused. [3]

The court charged the jury as follows:

"The only evidence to relieve the defendants from their liability as indorser of this note is his own testimony; he is, however, flatly contradicted by the plaintiff. Under these circumstances the written contract must prevail, and your verdict must be, for the plaintiff." [4]

Verdict and judgment were for the plaintiff.

The assignments of error·specified: (1–3) The refusal of the defendants' point; (4) the charge of the court; (5) the refusal to allow the jury to consider the facts; and (6) the action of the court in directing a verdict for the plaintiff.

*Charles H. Downing,* for plaintiffs in error.—Where there are disputed facts in a case, or facts from which others may or may not be inferred, it is the duty of the judge to submit them all to the jury, without instruction as to what inferences they should accept or reject. Wenrich v. Heffner, 38 Pa. 207; Maynard v. Lumberman's Nat. Bank, 7 Sad. Rep. 399.

It was competent for the defendants to show that the note was indorsed by them without recourse. Ross v. Espy, 66 Pa. 481, 5 Am. Rep. 394; Susquehanna Bridge & Bank Co. v. Evans, 4 Wash. C. C. 480, Fed. Cas. No. 13,635; Barclay v. Weaver, 19 Pa. 396, 57 Am. Dec. 661; Hill v. Ely, 5 Serg. & R. 363, 9 Am. Dec. 376; Patterson v. Todd, 18 Pa. 426, 57 Am. Dec. 622.

*Francis Shunk Brown,* for defendant in error.—If the evidence in the case at bar had been simply the note and the defendant's testimony, his argument might hold good; but when the writing is supported by the testimony of a witness, and there is but one witness against that writing and its supporting witness, there is no reason why such evidence should be submitted to the jury. Lafayette Bldg. Sav. & L. Asso. v. Erb, 5 Sad. Rep. 40; Anspach v. Bast, 52 Pa. 356; Hacker v. National Oil Ref. Co. 73 Pa. 93, and Heist v. Hart, 73 Pa. 286; Rumberger v. Golden, 99 Pa. 34; Phillips v. Meily, 106 Pa. 536; Meily v. Phillips, 16 W. N. C. 429; Day v. Osborn, 6 Sad. Rep. 524; Jackson v. Payne, 114 Pa. 67, 6 Atl. 340.

OPINION BY MR. JUSTICE PAXSON:

The defendant below was sued as indorser of a promissory note. His defense was that when he parted with the note to the

plaintiff, the latter agreed not to look to him as indorsee. This was to contradict the legal effect of the indorsement; in other words to reform the instrument. He attempted to do this by his oath alone. This will not do. He was flatly contradicted by the plaintiff; there was only oath against oath, and the note must stand.

We see no error in the rulings of the court.

Judgment affirmed.